## Angelica Maria MARTINEZ–MENDEZ, Petitioner,

v.

## John ASHCROFT, Attorney General, Respondent.

No. 02–72838.

Agency No. A72–520–804.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2004.

Decided Feb. 20, 2004.

Jonathan M. Kaufman, Law Offices of Alan M. Kaufman, San Francisco, CA, Angelica Maria Martinez–Mendez, pro se, Salinas, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Thankful T. Vanderstar, David Dauenheimer, U.S. Department of Justice, Washington, DC, for Respondent.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM *

Angelica Martinez–Mendez, a native and citizen of Guatemala, petitions for review of the summary affirmance by the Board of Immigration Appeals of the denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). As this is a streamlined case, we review the decision of the immigration judge (IJ). 8 C.F.R. § 1003.1(a)(7). We deny the petition.

We review the IJ's decision to see if there is substantial evidence to support it. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court can reverse the IJ's factual findings only if "a reasonable factfinder would be compelled to find the petitioner eligible for the relief sought." *Gomez–Saballos v. INS*, 79 F.3d 912, 914 (9th Cir.1996).

■ Martinez–Mendez argues that the IJ erred by requiring her to present corroborative evidence of her father's past military service. Although the IJ's oral decision mentions that corroboration was available from Martinez–Mendez's father that would have explained the connection between his being in the military and what

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

happened to his family in Guatemala, the IJ's determination did not turn on the absence of corroboration but on the fact that Martinez–Mendez's *testimony* did not show that she suffered past persecution or is at risk of persecution in the future on account of imputed political opinion. *Cf. Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000) (overturning BIA's conclusion that the alien failed to meet his burden of establishing eligibility for asylum or entitlement to withholding of removal because he failed to provide corroboration). Even assuming that Martinez–Mendez testified credibly, the evidence does not compel a different conclusion because it does not show that the guerillas targeted Martinez–Mendez or imputed anything about her father's military service to her. *See Sangha v. INS*, 103 F.3d 1482, 1489–90 (9th Cir.1997) (explaining that an applicant must demonstrate that persecutors actually imputed a political opinion to her and persecuted her on account of that opinion).

■ As Martinez–Mendez failed to meet the less-stringent standard for asylum, necessarily she fails to meet the stricter standard for withholding of deportation. *See, e.g., Mejia–Paiz v. INS*, 111 F.3d 720, 725 (9th Cir.1997).

PETITION DENIED.